[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #120
Before the court is a motion for summary judgment filed by the defendant, Barrie Ltd. of New Haven (hereinafter Barrie). The consideration of the motion requires a review of the sequence of events regarding this litigation.
The plaintiff, Brian J. Woolf, brought the action returnable on March 3, 1998 against the City of New Haven, Yale University, and Wawa, Inc., alleging that on February 10, 1996, he suffered personal injuries when he fell due to an icy sidewalk at 264-266 York Street in New Haven. The City was sued pursuant to C.G.S. § 13a-149 and Yale and Wawa were alleged to be in possession and control of that area and were negligent as to its maintenance.
On July 27, 1998, the City was successful in obtaining summary judgment in its favor by virtue of its claim that pursuant to C.G.S. § 7-163a
and City Ordinance 2-50, Yale University as abutting owner was responsible for clearing ice and snow from the area where the plaintiff claims to have fallen. The City filed an affidavit of the tax assessor to the effect that on February 10, 1996, Yale University was the record CT Page 9788 owner of 264-266 York Street.
On December 6, 1999, Wawa was successful in obtaining summary judgment in its favor on the basis that the area where the plaintiff claims to have fallen was not adjacent to the premises possessed or controlled by it as lessee of Yale University, but rather adjacent to premises, or in front of premises of Barrie Ltd. located at 268 York Street.
On March 31, 2000, the plaintiff moved to add Barrie as a defendant, which motion was granted and Barrie was served with an amended complaint on April 29, 2000. In the amended complaint the plaintiff now claims that he fell on the public sidewalk at 268 York Street in New Haven and alleges that the place where he fell was in the possession and control of Yale University and Barrie.
Barrie has now moved for summary judgment in its favor on the basis that it was sued four years and two months after the event in question and therefore this claim is barred by Conn. Gen. Stat. § 52-584 which would require this negligence action to have been instituted within two years of the plaintiffs injury.
In opposing the motion for summary judgment of Barrie the plaintiff relies upon Conn. Gen. Stat. § 52-593 which provides:
 When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. . . .
The plaintiff argues that § 52-593 applies since he initially sued Wawa, the wrong defendant, and is now suing Barrie, the correct defendant.
In the opinion of the court, § 52-593 is not applicable under the circumstances of this case. Section 52-593 applies when a plaintiff "has failed to obtain judgment by reason of failure to name the right person as a defendant therein. . . ." The plaintiff has not failed to obtain judgment in this case because it remains pending against Yale University which defendant is alleged to be in possession and control of the area where the plaintiff claims to have fallen. Additionally, § 52-593
applies when the initial action is terminated for failure to name the right defendant requiring the institution of a new action which is not the situation in the case at hand. CT Page 9789
It is also the opinion of the court that § 52-593 is not applicable to this case in a substantive sense. The plaintiff first sued Wawa claiming that he fell on a public sidewalk in front of 264-266 York Street. It was only after Wawa was successful in its motion for summary judgment that he cited in Barrie and filed an amended complaint in which he claimed that he fell in front of 268 York street. This is not a case where the plaintiff named the wrong defendant. He sued the party he intended to sue. As was stated in Isidro v. State of Connecticut,
Superior Court, Docket No. CV99-0059884S (July 9, 1999), Sferrazza, J.:
 "A plaintiff who fails to sue timely, a potentially liable party can only rescue the cause under sec. 52-593 when that failure resulted from a mistaken belief that a defendant originally sued was that particular party and the original action terminated by virtue of that mistake."
Here there was no such mistaken belief. Therefore, for the above stated reasons the motion for summary judgment of the defendant Barrie Ltd. of New Haven is granted.
Bruce W. Thompson, Judge.